NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 29 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-30164 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00262-RSL-1 |
| v. | |
| LEONEL MARIN-TORRES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 16, 2023[**]
Seattle, Washington

Before:  PAEZ and VANDYKE, Circuit Judges, and BENITEZ,[***] District Judge.

Defendant-Appellant Leonel Marin-Torres appeals the district court's denial

of his motion for reduction of sentence under § 404(b) of the First Step Act of 2018,

alleging the district court abused its discretion in applying the 18 U.S.C. § 3553(a)

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

factors and denying his request for plenary resentencing. Marin-Torres is serving a term of 192 months in prison, 132 of which were imposed for a crack cocaine offense. While in prison, he has been convicted of assault with a dangerous weapon, possessing contraband, and assault of an officer.

Because Marin-Torres was sentenced before the Fair Sentencing Act of 2010 took effect, he did not benefit from the changes it made to sentences for those convicted of crack cocaine offenses. *See Dorsey* v. *United States*, 567 U.S. 260 (2012). But § 404(b) makes certain provisions of the Fair Sentencing Act retroactively applicable to persons like Marin-Torres who would have been within its scope had they been sentenced after its effective date.

We review for an abuse of discretion the district court's decision to deny a motion for sentence reduction. *See Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). Marin-Torres alleges he is entitled to plenary resentencing. The district court correctly rejected this argument because the text of the First Step Act and rationale of *Concepcion* do not require a full resentencing hearing. While § 3582(c)(1)(B) permits modification of a sentence where expressly authorized by another statute—here, the First Step Act—§ 3582(c)(1)(B) "does not impose any substantive or procedural limits on a district court's discretion." *Concepcion*, 142 S. Ct. at 2402 n.5. By its plain language, § 404 of the First Step Act permits, but does not require, a court to reduce an eligible defendant's sentence. *Id.* The text of

the First Step Act also does not require any particular procedure aside from a "motion." § 404(b).

The district court did not abuse its discretion in denying Marin-Torres's motion for resentencing. "All that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." *Concepcion*, 142 S. Ct. at 2404 (citation and internal quotation omitted). A court need not "make a point-by-point rebuttal of the parties' arguments" to do so. *Id.* at 2405. Here, Marin-Torres argued that his recalculated guidelines range would be lower, that this lower range reflects a policy determination that his current sentence is unjust, and that his old age would minimize any risk to the public upon his earlier release. The district court did not make express reference to these arguments, but the reasons it provided for denying Marin-Torres' motion nonetheless make clear why it did not find them persuasive. The district court explained that it considered the § 3553(a) factors, including the applicable guideline range and Marin-Torres's history and conduct. It relied on Marin-Torres's background and history of violence, noting the defendant's two assault convictions while in prison.[1] These "post-sentencing convictions …

---

[1] In its 2016 denial of the motion for sentence reduction, the district court described Marin-Torres as "one of the most dangerous offenders" it had seen. The court detailed Marin-Torres's "violent criminal past," which includes multiple prior assault convictions, a conviction for unlawful possession of a firearm, and other charges for assault and kidnapping. On one occasion, Marin-Torres was convicted for repeatedly punching a female victim in the face such that "she feared for her life."

only serve[d] to heighten the Court's concern rather than alleviate it." In short, the district court properly used its discretion to weigh the § 3553(a) factors and supported its decision with compelling reasoning. The district court need not provide more.

In addition, Marin-Torres has filed a motion to supplement the record with materials that he argues support his ineffective assistance of counsel claim by showing he never authorized his counsel to file the § 404(b) motion. On appeal, modifying or supplementing the record is permitted only in "extraordinary" circumstances. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003); *see also United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993). Federal Rule of Appellate Procedure 10(e) provides that new material may not be introduced; only material that is "omitted from or misstated in the record by error or accident" may be presented. Fed. R. App. P. 10(e)(2); *Garcia*, 997 F.2d at 1278. Courts may correct errors and omissions—and may always consider new facts that render a controversy moot and divest jurisdiction—but such circumstances are rare. *Lowry*, 329 F.3d at 1024.

Here, Marin-Torres attempts to introduce into the record new information that post-dates the district court's decision. He contends that this is his only opportunity to seek review of these materials in support of his claims. But this is not true. Marin-Torres could have presented the materials to the district court, but has not done so.

4

*See* Fed. R. Crim. P. 37(a).  Because he has shown no extraordinary circumstance, he cannot supplement the record on appeal.

Finally, Marin-Torres would be unable to establish that his counsel was ineffective even if the new material was considered.  Under the *Strickland* test, Marin-Torres must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced him.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Even assuming defense counsel was deficient, Marin-Torres has not presented evidence of prejudice.

Marin-Torres asserts that he told his counsel not to file a § 404(b) motion. Assuming Marin-Torres's assertion is true, he has not presented evidence that suggests that any alternative § 404(b) motion would have been granted.

**AFFIRMED.**